UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CECILIA D. MARIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| CITY OF PEARSALL POLICE DEPARTMENT, | § § § | SA-07-CV-0979 OG |
| Defendant. | § § | |

## SHOW CAUSE ORDER

The matter before the court is plaintiff's request for appointment of counsel. In determining whether to appoint counsel the Court must consider the merits of the claims presented in the compliant. Upon review of plaintiff's request for appointment of counsel and her complaint, it appears that plaintiff's case may be subject to dismissal for several reasons. The purpose of this order is to direct plaintiff Cecilia Marin to show cause why her case should not be dismissed for failing to state a claim upon which relief can be granted.

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "fails to state a claim upon which relief may be granted."[1] Similarly, it has been held that the "district court may dismiss an action on its own motion under

---

[1] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(i) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detaine's claim under Federal Rule of Civil Procedure 12(b)(6)).

Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[2]

Marin has sued the City of Pearsall Police Department (the Police Department) under Title VII for employment discrimination based on pregnancy. She alleges she was terminated after she told her supervisor that she was pregnant. There are two aspects of Marin's complaint indicating Marin has failed to state a claim upon which relief can be granted.

The first aspect is Marin's allegation that the Police Department employs 10 employees. Under Title VII, the term "employer" means "a person engaged in an industry affecting commerce who has <u>fifteen or more employees</u> for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."[3] An employment discrimination claim against an employer that does not meet Title VII's definition of employer fails to state a claim upon which relief can be granted.[4] Marin's complaint suggests Marin has failed to state a claim upon which relief can be granted because she alleged that the Police Department employs fewer than fifteen employees. If, however, Marin intended to sue the City of Pearsall, she may have sued an employer who employs enough employees to meet Title VII's definition of employer.

The second aspect of Marin's complaint suggesting that Marin has failed to state a claim

---

[2]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[3]42 U.S.C.A. § 2000e(b).

[4]*See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (explaining that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief").

upon which relief can be granted is the notice-to-sue letter attached to the complaint. Marin's notice-to-sue letter from the Equal Employment Opportunity Commission (EEOC) indicates that Marin failed to exhaust her administrative remedies. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."[5] Exhaustion of administrative remedies requires a [g]ood faith effort by the employee to cooperate with . . . the EEOC and to provide all relevant, available information . . . ."[6] Marin's right-to-sue letter states that she failed to respond to the EEOC, failed to provide information to the EEOC, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve Marin's charge. The letter suggests that Marin did not exhaust her administrative remedies because she did not cooperate with the EEOC's investigative process.[7]

---

[5] *Taylor v. Books A Million*, 296 F.3d 376, 378-9 (5th Cir. 2002).

[6] *See Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997); *Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir. 1980) (affirming the dismissal of a federal employee Title VII's claim where the employee failed to provide information to the EEOC and explaining that "if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the [c]ourt should not reach the merits either"); *Dates v. Phelps Dodge Magnet Wire Co.*, 604 F. Supp. 22, 27 (D.C. Ind.1985) (thoroughly analyzing the purposes of the EEOC conciliation process and then entering summary judgment in favor of a private employer where the Title VII plaintiff failed to provide the EEOC with information needed to take any meaningful action on the plaintiff's complaint); *Perez v. Communications Workers of Am. Local 1109*, 2005 WL 2149204, at *8 (E.D.N.Y. Sept. 6, 2005) (relying on the Fifth Circuit's decision in *Johnson v. Bergman* in determining that the state agency closing of private plaintiff's complaints after he failed to cooperate did not constitute the exhaustion of administrative remedies); *Davis v. Mid-South Mill*, No. 89-2829, 1990 WL 275945, at *3 (W.D. Tenn. Dec. 14, 1990) (apply the reasoning in *Johnson v. Bergman* and dismissing the plaintiff's Title VII claim where the plaintiff failed to cooperate in the EEOC's investigation of his charge to the extent that the EEOC had to dismiss the charge; doing otherwise would vitiate Congress's conciliation purposes through the EEOC).

[7] *See* 29 C.F.R. § 1601.15 (setting out the EEOC's investigative authority for a charge of discrimination).

Because these two aspects of the complaint suggest Marin has failed to state a claim upon which relief may be granted, I order Marin to respond to this order in writing and to address the following issues:

> 1. whether she has sued a defendant employer that covered by Title VII's definition of an employer, and
> 2. whether Marin exhausted her administrative remedies by cooperating with the EEOC's in its investigative process.

Marin must respond in writing by **December 21, 2007.** Marin should include copies of all documents she either sent to, or received from, the EEOC to assist in determining whether she exhausted her administrative remedies. If Marin fails to respond as directed, I will deny the motion for appointment of counsel with a recommendation to the District Judge that this case be dismissed for failure to prosecute.[8]

**SIGNED** on December 6, 2007.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").