UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CECILIA D. MARIN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF PEARSALL | § | SA-07-CV-0979 OG |
| POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

TO: The Honorable Orlando Garcia
United States District Judge

## MEMORANDUM AND RECOMMENDATION

This memorandum and recommendation recommends dismissal of this case. Previously, the district judge referred to me plaintiff Cecilia Marin's motion to proceed in forma pauperis[1] and motion for appointment of counsel.[2] I granted Marin's motion to proceed in forma pauperis[3] and the clerk of the court filed Marin's complaint.[4] In considering the motion for appointment of counsel, I observed two deficiencies in Marin's complaint that could preclude her claims. As part of my effort to ascertain whether the appointment of counsel was appropriate, I issued a show-cause order and directed Marin to address the deficiencies.[5] In the order, I warned Marin

---

[1]Docket entry # 1.

[2]Docket entry # 2.

[3]Docket entry # 3.

[4]Docket entry # 4.

[5]Docket entry # 5.

that I would deny her motion for appointment of counsel and recommend dismissal of her case if she did not respond. Marin did not respond to the show cause order. Because she did not respond, I am recommending dismissal for the three reasons discussed below. Each reason constitutes sufficient grounds for dismissal.

## Failure to State a Claim Upon Which Relief May Be Granted

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "fails to state a claim upon which relief may be granted."[6] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[7]

Marin has sued the City of Pearsall Police Department (the Police Department) under Title VII for employment discrimination based on pregnancy. She alleges she was terminated after she told her supervisor that she was pregnant. There are two aspects of Marin's complaint indicating Marin has failed to state a claim upon which relief can be granted.

The first aspect is Marin's allegation that the Police Department employs 10 employees. Under Title VII, the term "employer" means "a person engaged in an industry affecting

---

[6] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(i) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

commerce who has <u>fifteen or more employees</u> for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."[8]  An employment discrimination claim against an employer that does not meet Title VII's definition of employer fails to state a claim upon which relief can be granted.[9]  Marin's complaint fails to state a claim upon which relief can be granted because she alleged that the Police Department employs fewer than fifteen employees.  Dismissal for failure to state a claim is appropriate.

### Failure to Exhaust Administrative Remedies

The second aspect of Marin's complaint indicating that Marin has failed to state a claim upon which relief can be granted is the notice-to-sue letter attached to the complaint.  Marin's notice-of-right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) indicates that Marin failed to exhaust her administrative remedies.  "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."[10]  Exhaustion of administrative remedies requires a [g]ood faith effort by the employee to cooperate with . . . the EEOC and to provide all relevant, available information . . . ."[11]  Marin's notice-of-

---

[8] 42 U.S.C.A. § 2000e(b).

[9] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (explaining that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief").

[10] *Taylor v. Books A Million*, 296 F.3d 376, 378-9 (5th Cir. 2002).

[11] *See Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997);  *Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir. 1980) (affirming the dismissal of a federal employee Title VII's claim where the employee failed to provide information to the EEOC and explaining that "if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the [c]ourt should not reach the merits either"); *Dates v. Phelps Dodge Magnet Wire Co.*, 604 F. Supp. 22, 27 (D.C. Ind.1985) (thoroughly analyzing the purposes of the EEOC conciliation process and then entering summary judgment in favor of a private employer where the Title VII plaintiff failed to provide the EEOC with information needed to take any meaningful action on the

right-to-sue letter states that she failed to respond to the EEOC, failed to provide information to the EEOC, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve Marin's charge. The letter indicates that Marin did not exhaust her administrative remedies because she did not cooperate with the EEOC's investigative process.[12] Dismissal is appropriate for failing to exhaust administrative remedies.

### Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure permits the district judge to dismiss a case for failure to prosecute.[13] Although the district court has the inherent power to dismiss a case on its own motion, the district court should exercise that power "sparingly and only when less drastic alternatives have been explored."[14] In this case, I explored less drastic alternatives by directing Marin to address the deficiencies in her pleadings. I suggested in the show-cause order

---

plaintiff's complaint); *Perez v. Communications Workers of Am. Local 1109*, 2005 WL 2149204, at *8 (E.D.N.Y. Sept. 6, 2005) (relying on the Fifth Circuit's decision in *Johnson v. Bergman* in determining that the state agency closing of private plaintiff's complaints after he failed to cooperate did not constitute the exhaustion of administrative remedies); *Davis v. Mid-South Mill*, No. 89-2829, 1990 WL 275945, at *3 (W.D. Tenn. Dec. 14, 1990) (apply the reasoning in *Johnson v. Bergman* and dismissing the plaintiff's Title VII claim where the plaintiff failed to cooperate in the EEOC's investigation of his charge to the extent that the EEOC had to dismiss the charge; doing otherwise would vitiate Congress's conciliation purposes through the EEOC).

[12] *See* 29 C.F.R. § 1601.15 (setting out the EEOC's investigative authority for a charge of discrimination).

[13] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[14] *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

that Marin may have intended to sue the City of Pearsall which likely employs enough employees to meet Title VII's definition of employer. I also directed Marin to submit copies of all documents she either sent to, or received from, the EEOC so I could determine whether she exhausted her administrative remedies. A response from Marin could have shown that she can identify an employer who meets Title VII's definition of an employer and that she exhausted her administrative remedies. Had that been the case, I could have directed Marin to amend her complaint instead of recommending dismissal. Because Marin failed to respond to the show cause order, dismissal for failure to prosecute is appropriate.

### Instructions for Service and Notice of Right to Object/Appeal

The clerk of this court shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[15] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the undersigned magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the

---

[15] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

district court.[16]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[17]

**SIGNED** on December 28, 2007.

                                                */s/ Nancy Stein Nowak*
                                                NANCY STEIN NOWAK
                                                UNITED STATES MAGISTRATE JUDGE

---

[16]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[17]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).